

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 9 2012

CLERK, U.S. DISTRICT COURT
By _____
              Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MID-CONTINENT CASUALTY CO.,      §
                                 §
         Plaintiff,              §
                                 §
VS.                              §   NO. 4:12-CV-326-A
                                 §
CLASSIC STAR GROUP, LP, ET AL,   §
                                 §
         Defendants.             §

MEMORANDUM OPINION
and
ORDER

Now pending before the court is the motion for judgment on

the pleadings, filed by defendant Classic Star Group, LP

("Classic Star"). Plaintiff, Mid-Continent Casualty Company

("Mid-Continent"), filed a response and accompanying brief.

Having considered Classic Star's motion and memorandum in

support, Mid-Continent's response and accompanying brief, and

applicable legal authorities, the court concludes that the motion

should be denied.

The court notes that Classic Star appears to have filed two

motions for judgment on the pleadings, the first on June 15, 2012

without an accompanying memorandum, and the second on June 22,

2012, accompanied by a memorandum that is nearly identical to the

first motion. As the contents of the two motions do not differ

in any meaningful way, the court construes and addresses them as

one motion.

I.

Background

Mid-Continent initiated the above-captioned action on May 24, 2012, by filing its original complaint for declaratory relief against multiple defendants: (1) Classic Star; (2) Gulamali Bharwani ("Bharwani"); (3) Jarobe, Inc. d/b/a DJ Supermart & Deli and/or Dean's Car Wash ("Jarobe"); (4) Naveed Noorali ("Naveed Noorali"); and (5) Ali Noorali ("Ali Noorali").  Claims against Jarobe were subsequently dismissed on June 15, 2012; all other defendants remain parties to the above-captioned action.

The following facts are alleged:

Mid-Continent's complaint in this action relates to a pending state court action in the 96th District Court of Tarrant County, Texas, cause number 096-258078-12, styled "Classic Star Group and Gulamali Bharwani v. Ali Noorali, Naveed Noorali, Jarobe, Inc. d/b/a DJ Supermart & Deli, and/or Dean's Car Wash" ("underlying action").  Pl.'s Am. Compl. at 3, ¶ 7.  In the underlying action, Classic Star and Bharwani seek "unspecified damages for the cost of clean-up and repair, actual damages, consequential damages, and attorneys' fees" resulting from an apparent petroleum leak at premises leased by Classic Star to Ali Noorali, who operated a business there.  Id. at ¶ 8; Mot. at 1. Mid-Continent, as the insurer of Ali Noorali, expended "substantial sums remediating the site, and tendered a defense to

Ali Noorali" in the underlying suit.  Am. Compl. at 3, ¶ 9, and

6, ¶ 14; Resp. at 1-2.  The policy does not insure Naveed Noorali

or Jarobe.  Am. Compl. at 3, ¶ 9.

Mid-Continent's complaint goes on to provide excerpts from

the insurance policy issued to Ali Noorali, regarding coverage

and application of the policy.  Id. at 3-5, ¶¶ 10-12.  Mid-

Continent claims, based on the policy, that it has no duty to

indemnify Ali Noorali in the underlying suit, and does not owe

the remaining parties a defense.  Id. at 6, ¶ 14.

In its prayer for relief, Mid-Continent seeks a declaration

that the damages claimed in the underlying action "did not arise

from a confirmed release within the Policy period."  Id. at 6, ¶

16.  Mid-Continent also "seeks determination that it has no duty

to indemnify" defendant Ali Noorali in the underlying suit under

the terms of the policy.  Id.  Finally, Mid-Continent "seeks a

declaration that it has no duty to defend or indemnify" Naveed

Noorali or Jarobe in the underlying suit "because Plaintiff does

not insure either Defendant."  Id. at ¶ 17.

II.

## Grounds of the Motion

Classic Star characterizes Mid-Continent's complaint as an

"attempt to make an end run around the jurisdiction of a Texas

state court," and as a "classic, reactive declaratory judgment

action which federal courts routinely decline to entertain."

Def.'s Memo. at 1.  Classic Star contends that the court should "decline to decide this action, dismiss this action, and allow events in state court to run their natural course."  Id.

### III.

### Analysis

#### A.  Legal Standard for Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is appropriate in cases in which "the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co. v. Touchstone Prop., 914 F.2d 74, 76 (5th Cir. 1990).  Such motion is subject to the same standard as a motion to dismiss pursuant to Rule 12(b)(6).  Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008).  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  Hughes v. Tobacco Inst., Inc., 278 F.3d 417, 420 (5th Cir. 2002) (citing St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 440 n.8 (5th Cir. 2000)).

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and
ellipsis omitted).  Thus, while a court must accept all of the
factual allegations in the complaint as true, the facts pleaded
must allow the court to infer that the plaintiff's right to
relief is plausible.  Ashcroft v. Iqbal, 556 U.S. 662, 679
(2009).  To allege a plausible right to relief, the facts pleaded
must suggest liability, and "[d]etermining whether a complaint
states a plausible claim for relief . . . [is] a context-specific
task that requires the reviewing court to draw on its judicial
experience and common sense."  Id. at 679.

   B. Declaratory Judgment

   The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides
that "[i]n a case of actual controversy within its jurisdiction .
. . any court of the United States, upon the filing of an
appropriate pleading, may declare the rights and other relations
of any interested party seeking such declaration."  In
determining whether to adjudicate a declaratory judgment action,
courts consider (1) whether the matter is justiciable; (2)
whether the court has the authority to grant such relief; and (3)
whether the court should exercise its discretion to decide the
action.  Oriz Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895
(5th Cir. 2000).

   Classic Star does not appear to challenge the first two
factors.  First, there is an actual, justiciable controversy, as

5

"Classic Star has filed a claim against Mid-Continent's insured, and Mid-Continent seeks a declaration that the insurance policy does not require it to indemnify Noorali, the insured." Def.'s Memo. at 3. Thus, the matter is justiciable. See AXA Re Prop. & Cas. Ins. Co. v. Day, 162 Fed. App'x 316, 319 (5th Cir. 2006) ("Whether the policy provides coverage presents a live controversy."). Second, the court has the authority to hear the action. Under the second Orix step, the court lacks the authority to consider the merits of a declaratory judgment action when:

> (1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, (2) the state case involves the same issues as those involved in the federal case, and (3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act.

Travelers Ins. Co. v. La. Farm Bureau Fed'n, 996 F.2d 774, 776 (5th Cir. 1993) (emphasis in original). First, although Classic Star filed the underlying action that involves Mid-Continent's insured, Mid-Continent was never joined as a defendant in that action. Next, from the pleadings, it appears that the underlying action and the instant declaratory action involve some different issues. Finally, the instant action is not barred by the Anti-Injunction Act, as Mid-Continent is not a party to the underlying action and a decision by the court would not enjoin state proceedings. Thus, the remaining issue in this motion is the

third Orix factor, whether the court should exercise its broad

discretion to adjudicate the above-captioned action.

It is well-settled in the Fifth Circuit that a district

court has discretion over whether to entertain a declaratory

judgment action.  Travelers, 996 F.2d at 778.  Although "the

court's discretion is broad, it is not unfettered," id., and

there are several relevant factors a court must consider in

determining whether to decide or dismiss an action seeking

declaratory relief:

> (1) whether there is a pending state action in which
> all of the matters in controversy may be fully
> litigated; (2) whether the plaintiff filed suit in
> anticipation of a lawsuit filed by the defendant; (3)
> whether the plaintiff engaged in forum shopping in
> bringing the suit; (4) whether possible inequities in
> allowing the declaratory plaintiff to gain precedence
> in time or to change forums exist; (5) whether the
> federal court is a convenient forum for the parties and
> witnesses; (6) whether retaining the lawsuit in federal
> court would serve the purposes of judicial economy; and
> (7) whether the federal court is being called on to
> construe a state judicial decree involving the same
> parties and entered by the court before whom the
> parallel state suit between the same parties is
> pending.

Sherwin-Williams Co. v. Holmes Cnty., 343 F.3d 383, 388 (5th Cir.

2003) (citing St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590-91

(5th Cir. 1994)).  A district court must "address and balance the

relevant principles and factors of the doctrine" when exercising

its discretion in determining whether to entertain a declaratory

judgment action.  Rowan Cos., Inc. v. Griffin, 876 F.2d 26, 30

(5th Cir. 1993).

Defendant also cites <u>Brillhart v. Excess Insurance Company of America</u>, 316 U.S. 491 (1942), and <u>Government Employees Insurance Company v. Dizol</u>, 133 F.3d 1220 (9th Cir. 1998) for "three primary factors" the court should consider, all of which are addressed in the list of factors followed by the Fifth Circuit: (1) "avoiding a 'needless determination of state law issues;" (2) "discouraging forum shopping;" and (3) "avoiding duplicative litigation." Def.'s Memo. at 4 (citing <u>Brillhart</u>, 316 U.S. 491 and <u>Dizol</u>, 133 F.3d at 1225). In <u>Sherwin-Williams</u>, the Fifth Circuit explained that it applies the <u>Trejo</u> factors "in light of the overarching <u>Brillhart</u> principles" to guide a district court in accepting or declining jurisdiction over a declaratory judgment action. <u>Sherwin-Williams</u>, 343 F.3d at 401.

Under the first <u>Trejo</u> factor, whether there is a pending state action, the court "may decline to decide 'a declaratory judgment where another suit is pending in the state court presenting the same issues, not governed by federal law, between the same parties." <u>Sherwin Williams</u>, 343 F.3d at 392 (quoting <u>Brillhart</u>, 316 U.S. at 495). <u>See also</u> <u>Day</u>, 162 Fed. App'x at 320 (5th Cir. 2006) (finding that because the declaratory plaintiff was not a party to the state court action, no pending state court action existed where all issues could be fully litigated). Here, the underlying action involves all the defendants and some of the same facts and issues; however, Mid-Continent is not a party to

8

that litigation.  Classic Star argues that Mid-Continent's claim
"is predicated on the same factual transaction, the same
Insurance Agreement, the same coverage language, and the same
Texas law at issue in the state court proceedings."  Memo. at 5.
However, Classic Star alleges no additional facts to show that
the issues in the instant action are central to the underlying
action.  Further, Mid-Continent contends that the underlying
action revolves around issues of negligence and breach of
contract between the parties in that action, not Mid-Continent's
rights and duties in such action.  Resp. Br. at 12.  In any
event, because Mid-Continent is not a party to the underlying
action, this factor weighs in favor of the court entertaining the
declaratory judgment action.

Regarding the second factor, whether Mid-Continent brought
this action in anticipation of litigation, Mid-Continent contends
that it "did not file the declaratory action in anticipation of
an action by Classic Star."  Resp. Br. at 8.  Even if Mid-
Continent anticipated that Classic Star would file a lawsuit
against it, a "proper purpose of section 2201(a) is to allow
potential defendants to resolve a dispute without waiting to be
sued . . . ."  Sherwin-Williams, 343 F.3d at 397.  Further,
"[t]he mere fact that a declaratory judgment action is brought in
anticipation of other suits does not require dismissal of the
declaratory judgment action by the federal court."  Id.  Finally,

the Sherwin-Williams court explained that anticipatory litigation may be deemed impermissible when it is filed before the defendant is legally able to bring an action in state court. Id. at 397, n.7. Such is not the case here, as Mid-Continent brought this action after Classic Star had already brought the underlying action, and there is nothing to indicate that Mid-Continent's action was impermissibly anticipatory.

The third factor, whether Mid-continent engaged in forum shopping, implicates many of the same fairness concerns as the second factor, and improper forum shopping is generally found where the federal action would change the applicable law. See Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 602 n.3 (5th Cir. 1983). Classic Star claims that "Mid-Continent could have filed a declaratory relief action in Tarrant County, where such action could have been related to and coordinated with Classic Star's pending state court action." Memo. at 4. However, the fact that a plaintiff chooses a federal forum for a declaration of its rights "does not necessarily demonstrate impermissible forum selection when the declaratory judgment out-of-state plaintiff invokes diversity. Rather, it states the traditional justification for diversity jurisdiction, to protect out-of-state defendants." Sherwin-Williams, 343 F.3d at 399. In this case, Mid-Continent opted to avail itself of diversity jurisdiction, and had the right to do so. Further, filing the

action in a federal court does not change the applicable law, as Texas substantive law applies in either forum. Thus, Mid-Continent has not engaged in improper forum shopping, and this factor weighs in favor of the court entertaining the action.

The fourth factor, whether inequities exist in allowing Mid-Continent to gain precedence in time or to change forums, also weighs in favor of the court entertaining the action. Because Mid-Continent is not a party to the underlying action, and there is not a parallel state court proceeding involving an identical issue, Mid-Continent does not gain precedence in time and does not change any other previously selected forum for the declaration it seeks.

The fifth factor, regarding the convenience of the federal forum, weighs in favor of the court entertaining the action. The defendants are Texas residents and citizens, and the related events are alleged to have taken place within the Northern District of Texas. Resp. Br. at 8. The underlying action was filed in Tarrant County, the same county in which the federal courthouse for the Fort Worth Division of this court sits. Thus, there is no indication that the parties will be unnecessarily inconvenienced by the federal forum.

The sixth factor, whether retaining the declaratory action in this court would serve the purposes of judicial economy, is perhaps the closest call, but still weighs in favor of the court

entertaining the action.  Classic Star contends that Mid-Continent's rights "necessarily will be addressed in Texas District Court when that court decides whether Noorali is liable to [Mid-Continent]."  Memo. at 5.  Even though the underlying action may involve some of the same parties and issues, Mid-Continent, as explained above, is not a party to the underlying action, and cannot be certain that all the issues in the instant action will be considered in the underlying action.

Similarly, the seventh factor, whether the court is being called on to construe a state decree between the same parties, weighs in favor of the court retaining the declaratory action because there is no state decree involving Mid-Continent and Classic Star, nor can there be, as Mid-Continent was not joined in the underlying action.

The court concludes that Mid-Continent's complaint has stated a valid claim for relief, and that the Trejo factors weigh in favor of the court exercising its discretion to entertain Mid-Continent's declaratory action.  Accordingly, Classic Star is not entitled to judgment on the pleadings, and its motion should be denied.

Therefore,

The court ORDERS that defendant Classic Star's motion for judgment on the pleadings be, and hereby is, denied.

SIGNED September 19, 2012.

_____
JOHN McBRYDE
United States District Judge

13